**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 16 2001

CLERK, U.S. DISTRICT COURT
BY _____
DEPUTY

| | |
|---|---|
| NATALIE F. HIMES | § |
| | § |
| VS. | § ACTION NO. 4:98-CV-923-Y |
| | § |
| DALLAS/FORT WORTH MEDICAL | § |
| CENTER--GRAND PRAIRIE, ET AL. | § |

<u>ORDER GRANTING PENDING MOTIONS FOR SUMMARY JUDGMENT,
DIRECTING THE ENTRY OF A RULE 54(B) PARTIAL FINAL JUDGMENT,
AND ADMINISTRATIVELY CLOSING CASE</u>
(With Special Instructions to the Clerk of the Court)

Pending before the Court is the Motion for Summary Judgment filed on April 7, 2000 by defendant Baylor Medical Center at Irving ("Baylor"). Also pending before the Court is the similar Motion for Summary Judgment filed by defendant All Saints Health System ("All Saints") on April 7, 2000. As of the date of this order, Plaintiff, who is now appearing pro se due to the recent disbarment of her attorney, has failed to file a response to either motion. After review of the motions and the applicable law, the Court concludes that they should be granted, for the reasons urged therein. Specifically, Plaintiff, whose complaint contends that Baylor and All Saints violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, has wholly failed to present any evidence tending to demonstrate that either Baylor or All Saints took an adverse action against her based in whole or in part on the consumer- service reports they received regarding Plaintiff. *See id.* at § 1681b(3)(A). Indeed, the summary-judgment evidence demonstrates to the contrary. Additionally, Plaintiff has further failed to demonstrate that she



ENTERED
FEB 16 2001
U.S.D.C.

185

suffered any damages as a result of these defendants' alleged violations of the FCRA.

Also pending before the Court is the Motion for Summary Judgment filed by defendant GroupOne Services, Inc. ("GroupOne") on April 24, 2000. Plaintiff has similarly failed to respond to this motion. After review of GroupOne's motion and the applicable law, the Court concludes that this motion also should be granted. Plaintiff has wholly failed to demonstrate that GroupOne disclosed false information in the consumer-service report it prepared and disseminated, upon request, about Plaintiff, or that it furnished such information with malice or willful intent to injure Plaintiff. *See id.* at § 1681h(e); TEX. LABOR CODE ANN. § 52.031(d) (Vernon 1996).

The Court finds no just reason to delay the entry of final judgment regarding Plaintiff's claims against these defendants or regarding Plaintiff's claims against defendant Columbia Medical Center of Arlington ("Columbia").[1] As a result, the clerk of the Court is DIRECTED to enter the Rule 54(b) Final Judgment issued this same day. *See* FED. R. CIV. P. 54(b). Plaintiff's claims against the only other remaining defendant, Dallas/Fort Worth Medical Center--Grand Prairie, were referred to arbitration in the order filed on May 25, 1999.[2] As a result, the clerk is also DIRECTED to ADMINISTRATIVELY CLOSE this case pending the conclusion of that arbitration.

---

[1] Plaintiff's claims against Columbia were dismissed with prejudice in an order filed on January 25, 2000.

[2] Plaintiff's claims against defendants Healthplus L.L.C. and Healthplus Corporation were dismissed in an order filed on February 2, 1999, and a Rule 54(b) partial final judgment was issued as to them on May 24, 1999.

It is, therefore, ORDERED that Baylor's Motion for Summary Judgment [document number 121] is hereby GRANTED.

It is further ORDERED that All Saints Motion for Summary Judgment [document number 146] is hereby GRANTED.

It is further ORDERED that GroupOne's Motion for Summary Judgment [document number 131] is hereby GRANTED.

It is further ORDERED that the Motion to Require Mental Examination [document number 144] is hereby RENDERED MOOT.

SIGNED February 16, 2001.

```
_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE
```